# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-80277-ROSENBERG

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.

PORTA BELLA YACHT & TENNIS CLUB
CONDOMINIUM ASSOCIATION, INC. &
MARIJA POSAVAC,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO AMEND ANSWER
## AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Marija Posavac's Motion to Amend Answer [DE 40] and Plaintiff's Motion for Summary Judgment [DE 29]. Plaintiff responded to the Motion to Amend Answer. The Motion for Summary Judgment is fully briefed. For the reasons set forth below, Defendant's Motion to Amend Answer is denied and Plaintiff's Motion for Summary Judgment is granted.

### Defendant Posavac's Motion to Amend Answer

On March 6, 2017, Plaintiff filed its Complaint in this case. In the Complaint, Plaintiff alleged:

> 36. Posavac's injuries arose directly or indirectly from the work performed by Kantrowitz.
>
> 37. Posavac's injuries arose directly or indirectly from the work performed by Miami Carpet and Tile.

DE 1 at 8. On May 19, 2017, Defendant Posavac filed her answer. In her answer, Posavac responded as follows:

36. Admitted.

37. Admitted.

DE 19 at 4. On June 12, 2017, the amended pleadings deadline in this case expired. Posavac did not move to amend her answer. On November 17, 2017, discovery closed in this case. Posavac did not move to amend her answer. On December 19, 2017, Plaintiff filed the Motion for Summary Judgment presently before the Court. That Motion substantially relied upon Posavac's admissions quoted above. Notwithstanding Plaintiff's reliance upon those admissions, Posavac did not move to amend her answer. To the contrary, on January 16, 2018, Posavac filed her response to Plaintiff's Motion for Summary Judgment and, in that response, Posavac **confirmed her admissions** "for the limited purpose of responding to Plaintiff's Motion for Summary Judgment." DE 36 at 2. Plaintiff then filed its reply, on January 23, 2018, and Plaintiff again relied upon Posavac's admissions.

On January 26, 2018, two hundred and fifty-two days after she filed her answer, Posavac moved to amend. Posavac moved to retract the admissions quoted above on the grounds that she "mistakenly admitted" the same. For the reasons set forth below in the Court's decision on summary judgment, Posavac's admissions are important enough that Plaintiff has constructed much of its case on those admissions. Posavac's admissions are not tangential or peripheral issues. As a result, Plaintiff substantially relied upon Posavac's admissions throughout the discovery period and throughout the briefing of dispositive motions. The Court is also unable to square Posavac's assertion that she discovered her error "while preparing a response to Plaintiff's Motion for Summary Judgment" because Posavav **confirmed her admission in her response to the Motion for Summary Judgment**. Moreover, Posavac did not move to amend her answer during

the briefing of Plaintiff's Motion for Summary Judgment. Only now, after discovery has closed, after the dispositive motions period has run, after Plaintiff's Motion for Summary Judgment has fully ripened for adjudication, and with trial rapidly approaching does Plaintiff request leave to amend her answer on an important issue—an issue that Plaintiff has substantially relied upon, to its potential prejudice, for two hundred and fifty-two days. The Court concludes that Posavac has not shown good cause to amend her answer at this late stage of the proceedings, nor does the Court accept Posavac's contention that she discovered her error while responding to Plaintiff's Motion for Summary Judgment. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d, 981, 1007 (9th Cir. 2009) (noting that a court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, . . . or undue prejudice to the opposing party . . . ."). Posavac's Motion to Amend Answer is denied.

### Plaintiff's Motion for Summary Judgment

#### A. BACKGROUND

Defendant Porta Bella operates a residential condominium association. Defendant Marija Posavac sustained injuries while walking on Porta Bella property. Porta Bella is an insured pursuant to a contract for insurance between Porta Bella and Plaintiff. Plaintiff filed the instant case to ascertain whether it must indemnify and defend Porta Bella in its suit with Posavac.

#### B. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

## C. ANALYSIS

Plaintiff contends that it is not obligated to indemnify[1] or defend Porta Bella because Porta Bella did not fulfill a necessary condition precedent for coverage to apply in this case. More specifically, Posavac has admitted the following:

> 36. Posavac's injuries arose directly or indirectly from the work performed by Kantrowitz.
>
> 37. Posavac's injuries arose directly or indirectly from the work performed by Miami Carpet and Tile.

DE 1 at 8. Porta Bella's insurance policy contains specific requirements—conditions precedent for coverage to apply. The germane portions of the insurance policy read as follows:

> **TENANTS AND CONTRACTORS – CONDITIONS OF COVERAGE**
>
> We shall have no obligation to defend or indemnify any insured for any "bodily injury," "property damage," and/or "personal and advertising injury" arising directly or indirectly from … work by a "contractor" unless each and every of the following conditions is satisfied …
>
> **5.** Certificates of Insurance are obtained from each and every "contractor" prior to commencement of such "contractor's" work. Such certificates of insurance must list primary commercial general liability coverage in effect at all times the work is performed with limits equal to or greater than the limits of this policy.
>
> **6.** Written agreements are obtained from each and every "contractor" which hold harmless and indemnify the insured(s) against whom the claim is made for all injuries, damages, claims, and suits arising directly or indirectly from the "contractor's" work (including any work performed by the "contractor's" subcontractors or subsubcontractors). Such agreements must expressly provide indemnification to the fullest extent permitted by law. Such agreements must be signed by the parties prior to the date of the "occurrence" or offense.
>
> **7.** The written agreements required in Condition 6 must also require that the "contractor" will obtain additional insured coverage under the "contractor's" primary commercial general liability policy for each insured(s) against whom the claim is made. Such agreements must be signed by the parties to the agreement prior to the date of the "occurrence" of offense. Such agreements must require limits of additional insured

---

[1] "Under Florida law, an insurer's duty to indemnify is determined by analyzing the policy coverages in light of the actual facts of the underlying case." *Underwriters at Lloyds London v. STD Enters., Inc.*, 395 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005).

5

coverage equal to or greater than the limits of this policy. Such agreements must state that the additional insured coverage is to be primary and noncontributory.

**8.** The contractor's primary commercial general liability insurer agrees to defend and indemnify every insured against whom the claim is made for "bodily injury," "property damage," and/or "personal and advertising injury," and does so on a primary basis under a policy with limits equal to or greater than the limits of this policy.

DE 1-7 at 29. Thus, for coverage to apply to damages stemming from a contractor's work, Porta Bell must have first obtained a certificate of insurance from the contractor and Porta Bella must obtain a written agreement from the contractor wherein the contractor agrees to hold Porta Bella harmless and indemnify Porta Bella. *Id.* Because Posavac has admitted that her injuries stemmed from Kantrowitz and Miami Carpet and Tile, there are two threshold questions for this Court. The first is whether Kantrowitz and Miami Carpet and Tile qualify as contractors under the insurance policy. The second is, if Kantrowitz and Miami Carpet and Tile qualify as contractors under the insurance policy, did Porta Bella comply with the necessary conditions precedent quoted above for insurance coverage to apply. The Court examines each question in turn.

With respect to whether Kantrowitz and Miami Carpet and Tile qualify as contractors, the term "contractor" is a defined term in the policy. The term is defined as follows:

"Contractor" means any person or entity that any insured hires or contracts with for the performance of any work for construction, renovations, maintenance (including but not limited to, snow removal), or repairs, regardless of where such work is performed, and regardless of whether such person or entity is described as contractor, construction manager, general contractor, or subcontractor, or by any other term. …

*Id.* Plaintiff's statement of material facts is targeted towards the facts necessary for Plaintiff to classify Kantrowitz and Miami Carpet and Tile as contractors under the policy.

Kantrowitz. Plaintiff contends that Kantrowitz was hired to coordinate interior and exterior work on two of Porta Bella's buildings. DE 30 at 3. Porta Bella concedes this is true. Plaintiff contends that Porta Bella's contract required Kantrowitz to "coordinate 2 building project

6

[sic] including: hallway painting, floor tile (interior and exterior). Includes my recommendations for paint colors and application for hallways, selection of interior tile, all to coordinate with Associations [sic] selected hallway carpeting from their vender [sic]. My selection of exterior tile for front entrance to building." *Id.* Porta Bella concedes this is true.[2] Porta Bella's opposition to Kantrowitz is limited to Porta Bella contesting whether the document quoted above qualifies as a contract. But that argument is not relevant. The insurance policy's definition of a contractor is very broad. It is enough if Kantrowitz was hired for any work, provided that work involved, in any way, construction, renovations, repairs, or maintenance. The undisputed facts establish that Kantrowitz was hired for such a purpose. Kantrowitz qualifies as a contractor under Porta Bella's insurance policy.

      <u>Miami Carpet and Tile</u>. Porta Bella hired Miami Carpet and Tile to do tiling work on pedestrian ramps. DE 30 at 4. Porta Bella concedes this is true. The relevant agreement provided that the "[l]ayout and design are at the discretion of the coordinator, Fred Kantrowitz Interiors and Design and questions should be directed to him on those elements." *Id.* Porta Bella's opposition to Miami Carpet and Tile, like Kantrowitz, is limited to contesting whether the document quoted above qualifies as a contract. Again, that is not relevant. Under the insurance policy, it is enough that Miami Carpet and Tile was hired "in any way" to perform construction, renovations, repairs, or maintenance. The undisputed facts establish that Miami Carpet and Tile was hired for such a purpose. Miami Carpet and Tile qualifies as a contractor under Porta Bella's insurance policy.

      The final line of inquiry for the Court is whether Porta Bella complied with the necessary conditions precedent for coverage since both Kantrowitz and Miami Carpet and Tile were

---

2 The portion of this statement of material fact that Porta Bella objects to—that Kantrowitz's contract did not specify whether he would retile an exterior ramp—is omitted from the Court's decision. *See* DE 38 at 1-2.

contractors. Specifically, Porta Bella was required to obtain certificates of insurance from both contractors and Porta Bella was also required to secure agreements from both contractors that they would indemnify Porta Bella and hold Porta Bella harmless. Porta Bella concedes that it did not fulfill these requirements. *See* DE 38 at 2.

The Court briefly addresses Porta Bella's argument (which mirrors Posavac's argument) in opposition to summary judgment. Porta Bella argues that the issue of indemnification is not ripe for adjudication, and that this Court should stay any decision on that issue pending a final resolution of Posavac's state court case. It is true that, as a general matter, an insurer's duty to indemnify is not ripe for adjudication until a final resolution of an underlying proceeding. *See Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015). But exceptions to this general rule exist. For example, if the facts show that unambiguous conditions for coverage were not complied with, a court may find that no duty to indemnify exists, even while an underlying action is still pending. *See Mt. Hawley Ins. Co. v. Van Cortland Village LLC*, No. 08 Civ. 10414, 2011 WL 5834255 (S.D.N.Y. Nov. 18, 2011) (ruling in favor of an insurer pursuant to a policy resembling the policy in the instant case). Courts have reached the same conclusion on facts nearly identical to the facts in the instant case. *See Mt. Hawley Ins. Co. v. Nat'l Builders LLC*, No. 08 CIV 5526, 2009 WL 1919611 (S.D.N.Y. June 30, 2009). Florida courts have reached the same result[3] and the Eleventh Circuit Court of Appeals has affirmed those decisions.[4] Courts rule on the duty to indemnify, even when an underlying suit is pending, when the "uncontroverted evidence places the claim outside of coverage, and the plaintiff makes no attempt to plead the facts

---

3 *E.g., Certain Interested Underwriters at Lloyd's London v. Halikoytakis*, No. 8:09-CV-1081, 2011 WL 1296816 (M.D. Fla. March 31, 2011) (case name truncated).
4 *E.g., Certain Interested Underwriters at Lloyd's London v. Halikoytakis*, 444 F. App'x 328 (11th Cir. 2011) (case name truncated).

creating coverage or suggest the existence of evidence creative coverage." *Halikoytakis*, 2011 WL at *1 (citing *Underwriters at Lloyd's London v. STD Enters., Inc.*, 395 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005)). Here, Posavac (the underlying plaintiff) has done just the opposite—she has conceded that her damages stemmed from Kantrowitz and Miami Carpet and Tile. Both Kantrowitz and Miami Carpet and Tile are contractors under Porta Bella's insurance policy. Porta Bella concedes it did not comply with the necessary conditions precedent for coverage to apply.

While Porta Bella argues that it disputes whether Posavac's injury arose directly or indirectly from the contractors' work, this distinction is immaterial. Coverage is excluded under the policy whether Posavac's damages arose directly or indirectly from the contractor's work. Similarly, to the extent Porta Bella argues there is a dispute as to whether it was the contractor's negligence or Porta Bella's negligence that caused Posavac's injuries, this too is immaterial. This is immaterial because there is no dispute that the area in which Posavac was injured is precisely the area that the contractors worked on. As a result, there can be no dispute that, at a minimum, Posovac's injuries were indirectly related, in some fashion, to the work of the contractors. Pursuant to the clear and unambiguous language of Porta Bella's insurance policy, this means that Plaintiff owes no duty of coverage to Porta Bella.[5]

---

5 *Compare James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1278 (11th Cir. 2008) (To have arisen out of something, for purposes of interpreting the phrase, "arising out of" in an insurance policy, is broader in meaning than the phrase, "caused by" and means "originating from," "having its origin in," "growing out of," "flowing from", "incident to," or "having connection with."), *and Continental Cas. Co. v. City of Jacksonville*, 654 F. Supp. 2d 1338, 1334 (M.D. Fla. 2009) (Under Florida law, the phrase "arising out of" is interpreted broadly.) *with* DE 1-7 at 29 (excluding coverage in the instant case for damages "arising directly or indirectly" from work by a contractor unless specific conditions precedent are fulfilled by Porta Bella).

## D. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [DE 29] is **GRANTED**.[6] Plaintiff is not required to indemnify or defend Defendants.[7] Defendant's Motion to Amend Answer [DE 40] is **DENIED**. All other pending motions are denied as moot. The Clerk of the Court shall close this case. Plaintiff shall submit a proposed final judgment in Microsoft Word format to Chambers within two (2) days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 8th day of February, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

6 The Court issues no ruling on any argument or any ground not discussed in this Order.
7 An insurer's duty to defend ceases when it is shown that there is no potential for coverage, i.e. when there is no duty to indemnify. *STD Enterps.*, 395 F. Supp. 2d at 1146.